NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0692n.06

No. 17-1225

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 18, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DEBBIE ROHN; DEAN ROHN, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| VIACOM INTERNATIONAL INC., et al., | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before: SILER, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Debbie and Dean Rohn argue that Viacom's trademarked television characters (the Bubble Guppies) have pushed their trademarked clothing line (Guppie Kid) out of the market, and that Viacom has therefore infringed on their trademarks. But Guppie Kid's sales had largely dried up well before the Bubble Guppies came along. For this reason and more, the district court granted summary judgment to Viacom. We affirm.

The Rohns own two trademarks. One is for the word GUPPIE, an acronym for "Growing Up Playing Pursuing Individual Excellence." The other is for a logo: the word GUPPIE, in which a fish in a necktie forms the letter G. These marks give the Rohns the exclusive right to put the word and logo on hats, shirts, and the like. They started doing so in 1990, and have since sold (at most) $12,000 in "Guppie Kid" apparel. But most of those sales came in the first fifteen years, and the Rohns have sold only about $2,000 of their apparel since 2005.

In 2011, a show called Bubble Guppies premiered on Nickelodeon, a television network owned by Viacom. The show is pitched toward a young audience; it features cartoon children with fish tails (the Bubble Guppies) learning how to count and read. In its logo, the end of the letter G is shaped like a fish tail. Viacom licenses the characters and logo to large retailers like Target and Sears, who make and sell Bubble Guppies apparel.

The Rohns sued Viacom and various retailers for trademark infringement, alleging that potential customers were likely to confuse Guppie Kid and Bubble Guppies apparel. The district court granted Viacom's motion for summary judgment and entered judgment for all defendants. This appeal followed.

We review the district court's decision de novo. *See Richmond v. Huq*, 872 F.3d 355, 363 (6th Cir. 2017). To avoid summary judgment, the Rohns need evidence that would enable a reasonable jury to find that Bubble Guppies apparel infringes on their Guppie Kid trademarks. *See* Fed. R. Civ. P. 56(a).

Trademarks protect a business's association with its own goods. To show infringement, therefore, the Rohns must show confusion—*i.e.*, that a consumer looking at a Guppie Kid shirt likely would not be able to tell whether the Rohns or Viacom made it. *See Progressive Distrib. Servs., Inc. v. United Parcel Servs., Inc.*, 856 F.3d 416, 424 (6th Cir. 2017); *see also* 15 U.S.C. §§ 1114, 1125. We determine whether confusion is likely based on many things, the first being the "strength of the plaintiff's mark." *Progressive*, 856 F.3d at 424. The stronger the trademark, the more likely consumers are to associate it with the trademark holder, and thus the more likely they are to be confused if someone else uses a similar mark. This strength has two components: conceptual strength (whether the mark is just a generic word or something more distinctive) and commercial strength (whether the mark is recognized in the market). *See id.* at 427-31.

Here, no one disputes that the GUPPIE word and logo are distinctive. As to commercial strength, however, the Rohns have little evidence. They cite only Debbie Rohn's own deposition testimony that business was "very, very good" in the 1990s and then got "good" again in 2006 when the Rohns launched a website. Yet even she was careful to say that "I shouldn't use the word great." Indeed, most Guppie Kid sales ($10,000 out of $12,000) occurred in western Michigan before 2005. Those sales were confined to local shops and the Rohns' home, since larger stores declined the Rohns' invitations to carry Guppie Kid. And the website has added only about 50 sales—mostly to family and friends—in over 10 years. Even before the Bubble Guppies arrived, then, Guppie Kid sightings were few. And they were already becoming fewer: a number of stores that once carried Guppie Kid apparel had closed long ago, and the few stores that still carried it rarely sold it. Thus, few consumers were likely to know about Guppie Kid in the first place. Few if any consumers were therefore likely to confuse the Rohns' brand with Viacom's. That would explain why the Rohns offer no evidence that any consumer has actually confused the two brands, which is the best evidence that consumers are likely to confuse them. *See Progressive*, 856 F.3d at 433. And without some proof that any consumers actually confused or had a reason to confuse the brands, a reasonable jury could not find that Viacom infringed on the Rohns' trademarks.

The Rohns argue, however, that they have "conclusive" proof of Guppie Kid's strength—namely that the GUPPIE trademarks are "incontestable," a status that trademarks achieve if they are not successfully challenged within five years of being registered. *See* 15 U.S.C. § 1065. But that status entitles trademarks only to a "presumption of strength." *Progressive*, 856 F.3d at 429. And a defendant can defeat that presumption with, among other things, proof that a trademark is commercially weak. *See id.* Viacom has done that, so this argument fails.

The Rohns alternatively argue that the weakness of their trademarks actually helps them, because their claim is one of reverse confusion. In such cases, rather than exploit the reputation of a trademark holder, the infringer "saturates the market" with a similar trademark; consumers then start to think that the two brands are related. *Ameritech, Inc. v. Am. Info. Tech. Corp.*, 811 F.2d 960, 964 (6th Cir. 1987). According to the Rohns, a plaintiff with a weak trademark is unlikely to prevent this saturation and thus more likely to show reverse confusion. But whatever the merits of that argument in theory, it makes no practical difference here—since the value of the Rohns' trademarks is not only weak but practically nonexistent. Consumers are unaware of brands like these to begin with, and thus the Rohns lack evidence of any kind of confusion.

Finally, the Rohns argue that a jury could find trademark infringement based on things beyond the strength of their marks, *e.g.*, the similarly piscine letter Gs in the Bubble Guppies and Guppie Kid logos. But the "ultimate question" remains whether consumers are likely to think that the two brands are related. *Homeowners Grp., Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1107 (6th Cir. 1991). And nowhere do the Rohns show that consumers knew about their brand to begin with—let alone confused Viacom's brand with theirs. Thus, a jury could not find that Bubble Guppies apparel infringes on their Guppie Kid trademarks.

The district court's judgment is affirmed.